UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X
:
UNITED STATES OF AMERICA          :          <u>INDICTMENT</u>
:
     -v.-          :          11 Cr.
:
WINIFRED JIAU,          :
    a/k/a "Wini,"          :
:          **11 CRIM 161**
       Defendant.          :
:
- - - - - - - - - - - - - - - X

<u>COUNT ONE</u>

(Conspiracy to Commit Securities Fraud and Wire Fraud)

    The Grand Jury charges:

<u>Relevant Entities and Individuals</u>

    1.   At all times relevant to this Indictment, WINIFRED JIAU, a/k/a "Wini," the defendant, was a paid consultant for an expert networking firm in Mountain View, California (the "Firm").

    2.   At all times relevant to this Indictment, the Firm was a private company that paid employees at publicly traded companies and other individuals ("Firm Consultants") to provide information to money managers, including hedge funds, whose principal purpose was to purchase and sell securities to make money ("Firm Clients"). Firm Clients paid money to the Firm to gain access to Firm Consultants.



1

3.   At all times relevant to this Indictment, WINIFRED JIAU, a/k/a "Wini," the defendant, was a Firm Consultant, though unlike most other Firm Consultants, JIAU was listed on the Firm's "private network," meaning that consultations with JIAU were limited to a select few Firm Clients.

4.   At all times relevant to this Indictment, a co-conspirator not named as a defendant herein ("CC-1") worked as a portfolio manager in the hedge fund industry, including at two separate hedge funds located in New York, New York.  CC-1 had access to WINIFRED JIAU, a/k/a "Wini," the defendant, through the Firm's private network.

5.   At all times relevant to this Indictment, Noah Freeman worked in the hedge fund industry, first as a research analyst at a hedge fund located in Boston, Massachusetts, and subsequently as a portfolio manager at a Connecticut-based hedge fund.  Freeman had access to WINIFRED JIAU, a/k/a "Wini," the defendant, through the Firm's private network.

## The Insider Trading and Wire Fraud Scheme

6.   From at least in or about 2006, through in or about late 2008, WINIFRED JIAU, a/k/a "Wini," the defendant, and others known and unknown, participated in a scheme to defraud certain public companies of material, nonpublic information (the "Inside Information").  Specifically, JIAU obtained detailed

2

earnings, revenue, gross margins, and/or other financial information from employees at public companies (the "Jiau Inside Sources"), including Marvell Technology Group, Ltd. ("Marvell") and NVIDIA Corporation ("NVIDIA"), who disclosed such Inside Information in violation of duties of trust and confidence that the Jiau Inside Sources owed to their respective employers and the shareholders of those companies.

7.   After obtaining the Inside Information from the public company employees, WINIFRED JIAU, a/k/a "Wini," the defendant, provided the Inside Information to CC-1 and Freeman. As JIAU well knew, the Inside Information that she provided to CC-1 and Freeman was obtained for the purpose of executing and causing others to execute securities transactions based, in whole or in part, on the Inside Information.

8.   In exchange for the Inside Information provided by WINIFRED JIAU, a/k/a "Wini," the defendant, CC-1 and Freeman caused their respective hedge funds to pay the Firm either through direct payments to the Firm or through soft dollar payments made through the Firm's designated broker-dealer.  The Firm, in turn, made monthly payments to JIAU of as much as $10,000.

3

## The Conspiracy

9.   From at least in or about 2006, through in or
about late 2008, in the Southern District of New York and
elsewhere, WINIFRED JIAU, a/k/a "Wini," the defendant, and others
known and unknown, unlawfully, willfully, and knowingly did
combine, conspire, confederate and agree together and with each
other to commit offenses against the United States, to wit, (1)
securities fraud, in violation of Title 15, United States Code,
Sections 78j(b) and 78ff, and Title 17, Code of Federal
Regulations, Sections 240.10b-5 and 240.10b5-2; and (2) wire
fraud, in violation of Title 18, United States Code, Section
1343.

## Objects of the Conspiracy

10.   It was a part and an object of the conspiracy that
WINIFRED JIAU, a/k/a "Wini," the defendant, and others known and
unknown, unlawfully, willfully and knowingly, directly and
indirectly, by the use of the means and instrumentalities of
interstate commerce, and of the mails, and of the facilities of
national securities exchanges, would and did use and employ, in
connection with the purchase and sale of securities, manipulative
and deceptive devices and contrivances in violation of Title 17,
Code of Federal Regulations, Section 240.10b-5 by: (a) employing
devices, schemes and artifices to defraud; (b) making untrue

4

statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon any person, all in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2.

11.   It was further a part and an object of the conspiracy that WINIFRED JIAU, a/k/a "Wini," the defendant, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire communication in interstate commerce writings, signs, signals, pictures and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

<u>Means and Methods of the Conspiracy</u>

12.   Among the means and methods by which WINIFRED JIAU, a/k/a "Wini," the defendant, and her co-conspirators would and did carry out the conspiracy were the following:

a.   JIAU obtained confidential information, including Inside Information, from employees at public companies, who disclosed the information in violation of fiduciary and other duties of trust and confidence owed to the public companies.

b.   Having obtained Inside Information from employees at public companies, JIAU then provided that Inside Information to certain Firm Clients understanding that the Firm Clients wanted the Inside Information for purposes of executing securities transactions.

c.   Firm Clients that obtained Inside Information from JIAU executed securities transactions based, in whole or in part, on the Inside Information obtained from JIAU.

## Overt Acts

13.   In furtherance of the conspiracy, and to effect the illegal objects thereof, WINIFRED JIAU, a/k/a "Wini," the defendant, and her co-conspirators committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a.   On or about May 23, 2008, JIAU had a telephone conversation with CC-1 and Freeman, during which she provided them Inside Information about, among other companies, Marvell, a public company that trades over the NASDAQ.

b.   On or about May 23, 2008, CC-1 caused the

6

hedge fund at which he was employed, located in New York, New York, to purchase over 118,000 shares of stock in Marvell.

        c.   In or about May 2008, the Firm paid JIAU $10,000 for her consultations with CC-1 and Freeman.

        (Title 18, United States Code, Section 371.)

## COUNT TWO

### (Securities Fraud)

The Grand Jury further charges:

    14.  The allegations contained in paragraphs 1 through 8, 12 and 13 are repeated and realleged as though fully set forth herein.

    15.  In or about May 2008, in the Southern District of New York and elsewhere, WINIFRED JIAU, a/k/a "Wini," the defendant, unlawfully, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails and the facilities of national securities exchanges, in connection with the purchase and sale of securities, did use and employ manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of

the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, JIAU provided material, nonpublic information regarding Marvell to CC-1 and Freeman for the purpose of executing and causing others to execute securities transactions.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATION

16.  As a result of committing one or more of the foregoing securities and wire fraud offenses alleged in Counts One and Two of this Indictment, WINIFRED JIAU, a/k/a "Wini," the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the securities and wire fraud offenses, including but not limited to a sum of money in United States currency which was derived from proceeds traceable to the commission of the wire fraud and securities fraud offenses.

8

## Substitute Assets Provision

17.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981;
Title 28, United States Code, Section 2461; Title 18, United States Code, Sections 371, 1349 and 2; Title 15, United States Code, Sections 78j(b) and 78ff; and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2.)

_____
Foreperson

_____
PREET BHARARA
United States Attorney

9

Form No. USA-33s-274 (Ed. 9-25-58)

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

### - v. -

### WINIFRED JIAU,

Defendant.

### INDICTMENT

(18 U.S.C. §§ 2, 371; Title 15, United
States Code, Sections 78j(b) & 78ff;
Title 17, Code of Federal Regulations,
Section 240.10b-5)

PREET BHARARA
United States Attorney.

**A TRUE BILL**

_____
Foreperson.

2/22/11   Fld. Indictment, Case assigned to Judge Patterson
                                                    Pitman, MJ
                                                    BW