```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X
                                 :
UNITED STATES OF AMERICA         :
                                 :
          -v.-                   :
                                 :
WINIFRED JIAU,                   :
     a/k/a "Wini,"               :
                                 :
               Defendant.        :
                                 :
- - - - - - - - - - - - - - - - X
```

INDICTMENT

S2 11 Cr. 161 (JSR)

```
┌──────────────────────────────────┐
│ USDC SDNY                         │
│ DOCUMENT                          │
│ ELECTRONICALLY FILED              │
│ DOC #:_____             │
│ DATE FILED: MAY 1 7 2011          │
└──────────────────────────────────┘
```

## COUNT ONE

(Conspiracy to Commit Securities Fraud and Wire Fraud)

The Grand Jury charges:

### Relevant Entities and Individuals

1.    At all times relevant to this Indictment, an expert networking firm in Mountain View, California (the "Firm") operated as a private company that paid employees at publicly traded companies and other individuals ("Firm Consultants") to provide information to money managers, including hedge funds, whose principal purpose was to purchase and sell securities to make money ("Firm Clients").  Firm Clients paid money to the Firm to gain access to Firm Consultants.

2.    At all times relevant to this Indictment, WINIFRED JIAU, a/k/a "Wini," the defendant, was a paid consultant for the Firm.  Unlike most other Firm Consultants, JIAU was listed on the

1

Firm's "private network," meaning that consultations with JIAU
were limited to certain Firm Clients.  In addition, from in or
about March 2007 through in or about November 2007, JIAU was
employed in the finance department of NVIDIA Corporation
("NVIDIA") as a contract employee.

     3.   At all times relevant to this Indictment, Samir
Barai, a/k/a "Sam," worked as a portfolio manager in the hedge
fund industry, including at two separate hedge funds located in
New York, New York.  Barai had access to WINIFRED JIAU, a/k/a
"Wini," the defendant, through the Firm's private network.

     4.   At all times relevant to this Indictment, Noah
Freeman worked in the hedge fund industry, first as a research
analyst at a hedge fund located in Boston, Massachusetts, and
subsequently as a portfolio manager at a Connecticut-based hedge
fund.  Freeman also had access to WINIFRED JIAU, a/k/a "Wini,"
the defendant, through the Firm's private network.

### The Jiau Insider Trading and Wire Fraud Scheme

     5.   From at least in or about 2006, through in or
about late 2008, WINIFRED JIAU, a/k/a "Wini," the defendant, and
others known and unknown, participated in a scheme to defraud
certain public companies of material, nonpublic information (the
"Inside Information").  Specifically, JIAU obtained detailed
earnings, revenue, gross margins, and/or other financial

2

information from employees at public companies (the "Jiau Inside
Sources"), including Marvell Technology Group, Ltd. ("Marvell")
and NVIDIA, both of which trade over the Nasdaq stock market.
The Jiau Inside Sources disclosed the Inside Information in
violation of duties of trust and confidence that the Jiau Inside
Sources owed to their respective employers and the shareholders
of those companies.

6.    After obtaining the Inside Information from the
Jiau Inside Sources, WINIFRED JIAU, a/k/a "Wini," the defendant,
provided the Inside Information to Barai and Freeman.  As JIAU
well knew, the Inside Information that she provided to Barai and
Freeman was obtained for the purpose of executing and causing
others to execute securities transactions based, in whole or in
part, on the Inside Information.

7.    In addition, from in or about March 2007 through
in or about November 2007, WINIFRED JIAU, a/k/a "Wini," the
defendant, provided Barai and Freeman with Inside Information
regarding NVIDIA, which JIAU had access to and obtained through
her contract employment at NVIDIA.  JIAU provided such Inside
Information regarding NVIDIA to Barai and Freeman in violation of
duties of trust and confidence that JIAU owed to NVIDIA and to
the temporary employment agency that placed her at NVIDIA.

8.    In exchange for the Inside Information provided by WINIFRED JIAU, a/k/a "Wini," the defendant, Barai and Freeman caused their respective hedge funds to pay the Firm either through direct payments to the Firm or through soft dollar payments made through the Firm's designated broker-dealer.  The Firm, in turn, made monthly payments to JIAU of as much as $10,000.

### The Conspiracy

9.    From at least in or about 2006, through in or about late 2008, in the Southern District of New York and elsewhere, WINIFRED JIAU, a/k/a "Wini," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate and agree together and with each other to commit offenses against the United States, to wit, (1) securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2; and (2) wire fraud, in violation of Title 18, United States Code, Section 1343.

### Objects of the Conspiracy

10.    It was a part and an object of the conspiracy that WINIFRED JIAU, a/k/a "Wini," the defendant, and others known and unknown, unlawfully, willfully and knowingly, directly and

4

indirectly, by the use of the means and instrumentalities of interstate commerce, and of the mails, and of the facilities of national securities exchanges, would and did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon any person, all in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2.

11.  It was further a part and an object of the conspiracy that WINIFRED JIAU, a/k/a "Wini," the defendant, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire communication in interstate commerce writings, signs, signals, pictures and sounds

for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

## Means and Methods of the Conspiracy

12. Among the means and methods by which WINIFRED JIAU, a/k/a "Wini," the defendant, and her co-conspirators would and did carry out the conspiracy were the following:

a. JIAU obtained Inside Information about NVIDIA both through her contract employment at NVIDIA and through one or more employees at NVIDIA. JIAU also obtained Inside Information about Marvell from an employee who worked at Marvell. JIAU obtained Inside Information regarding NVIDIA and Marvell in violation of fiduciary and other duties of trust and confidence.

b. Having obtained the Inside Information, JIAU then provided the Inside Information to certain Firm Clients, such as Barai and Freeman, understanding that the Firm Clients wanted the Inside Information for purposes of executing securities transactions.

c. Firm Clients that obtained the Inside Information from JIAU executed securities transactions based, in whole or in part, on the Inside Information.

## Overt Acts

13.   In furtherance of the conspiracy, and to effect the illegal objects thereof, WINIFRED JIAU, a/k/a "Wini," the defendant, and her co-conspirators committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a.   On or about August 22, 2007, JIAU sent Barai and Freeman e-mail messages detailing Marvell's earnings per share and revenue guidance in advance of Marvell's August 23, 2007 announcement of financial results for the quarter ending July 28, 2007.

b.   On or about March 10, 2008, JIAU sent Barai an e-mail message seeking payment from Barai for information from "2 secured sources" who "supply the actual numbers to [the] decimal point."

c.   On or about May 22, 2008, Barai sent JIAU an e-mail message seeking Inside Information regarding Marvell's nonpublic quarterly financial results, to which JIAU responded "that's going to cost you."

d.   On or about May 23, 2008, at approximately 2:18 p.m. EST, JIAU had a telephone conversation with Barai, during which JIAU provided him with Inside Information regarding Marvell's financial results.

7

e.   On or about May 23, 2008, Barai caused the hedge fund at which he was employed, located in New York, New York, to purchase over 118,000 shares of stock in Marvell.

f.   On or about May 28, 2008, at approximately 11:19 a.m. EST, JIAU had a telephone conversation with Barai, during which JIAU provided him with Inside Information about Marvell's financial results in advance of Marvell's quarterly announcement on May 29, 2008.

g.   On or about May 29, 2008, Barai, using a prime broker located in New York, New York, caused the purchase of an additional 100,000 shares of stock in Marvell prior to Marvell's quarterly announcement on May 29, 2008.

h.   In or about May 2008, JIAU received $10,000 for her consultations with Barai and Freeman.

i.   On or about August 25, 2008, at approximately 10:31 a.m., JIAU had a telephone conversation with Barai and Freeman, during which JIAU provided them with Inside Information about Marvell's financial results in advance of Marvell's quarterly announcement on August 28, 2008.

(Title 18, United States Code, Section 371.)

## COUNT TWO

(Securities Fraud)

The Grand Jury further charges:

14.   The allegations contained in paragraphs 1 through 8, 12, and 13 are repeated and realleged as though fully set forth herein.

15.   In or about May 2008, in the Southern District of New York and elsewhere, WINIFRED JIAU, a/k/a "Wini," the defendant, unlawfully, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails and the facilities of national securities exchanges, in connection with the purchase and sale of securities, did use and employ manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon persons, to

wit, JIAU provided material, nonpublic information regarding
Marvell to Barai and Freeman for the purpose of executing and
causing others to execute securities transactions.

> (Title 15, United States Code, Sections 78j(b) & 78ff;
> Title 17, Code of Federal Regulations, Section 240.10b-5,
> and Title 18, United States Code, Section 2.)

## COUNTS THREE THROUGH FIVE

(Wire Fraud)

The Grand Jury further charges:

16.  The allegations contained in paragraphs 1 through
8, 12, and 13 are repeated and realleged as though fully set
forth herein.

17.  As set forth in the table below, in the Southern
District of New York and elsewhere, WINIFRED JIAU, a/k/a "Wini,"
the defendant, unlawfully, willfully and knowingly, having
devised and intending to devise a scheme and artifice to defraud,
and to obtain money and property by means of false and fraudulent
pretenses, representations, and promises, did transmit and caused
to be transmitted by means of wire communication in interstate
commerce, a writing, sign, signal, picture and sound for the
purpose of executing such scheme and artifice, to wit, JIAU
provided confidential, nonpublic information relating to the
financial results of the company identified below to hedge fund
portfolio managers located in New York, New York, among other

10

places, for the purpose of executing such scheme and artifice to
defraud and obtain money and property by means of false
representations.

| Count | Approximate Date | Company | Wire Communication |
|---|---|---|---|
| Three | May 28, 2008 | Marvell | In a telephone call from New York, New York, JIAU conveyed confidential financial results in advance of Marvell's May 29, 2008 public announcement of quarterly results. |
| Four | August 8, 2008 | NVIDIA | In a telephone call from New York, New York, JIAU conveyed confidential financial results in advance of NVIDIA's August 12, 2008 public announcement of quarterly results. |
| Five | August 25, 2008 | Marvell | In a telephone call from New York, New York, JIAU conveyed confidential financial results in advance of Marvell's August 28, 2008 public announcement of quarterly results. |

(Title 18, United States Code, Sections 1343 and 2.)

**FORFEITURE ALLEGATION**

18.  As a result of committing one or more of the
foregoing securities and wire fraud offenses alleged in Counts
One through Five of this Indictment, WINIFRED JIAU, a/k/a "Wini,"
the defendant, shall forfeit to the United States pursuant to
Title 18, United States Code, Section 981(a)(1)(c) and Title 28,

11

Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the securities and wire fraud offenses, including but not limited to a sum of money in United States currency which was derived from proceeds traceable to the commission of the wire fraud and securities fraud offenses.

### Substitute Assets Provision

19.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of the defendant up to the value of the

forfeitable property described above.

(Title 18, United States Code, Section 981;
Title 28, United States Code, Section 2461; Title 18, United
States Code, Sections 371, 1343 and 2; Title 15, United States
Code, Sections 78j(b) and 78ff; and Title 17, Code of Federal
Regulations, Sections 240.10b-5 and 240.10b5-2.)

_____   5/17/11
Foreperson

_____
PREET BHARARA
United States Attorney

13

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

WINIFRED JIAU,
a/k/a "Wini"

Defendant.

INDICTMENT

S2 11 Cr. 161 (JSR)

(Title 18, United States Code, Sections
2, 371, 1343; Title 15, United States
Code, Sections 78j(b) & 78ff; Title 17,
Code of Federal Regulations, Section
240.10b-5)

PREET BHARARA
United States Attorney.

A TRUE BILL

_Kill B gir_
Foreperson.

May 17, 2011   Fld. Superseeding Indictment

14           Pitman, MJ.