USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/3/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
UNITED STATES,

            -v-                                11-cr-161

WINIFRED JIAU,                          ORDER

           Defendant.
------------------------------------- x

JED S. RAKOFF, U.S.D.J.

      On June 20, 2011, defendant Winifred Jiau was convicted, following jury trial, of one count of conspiracy to commit securities fraud and wire fraud in violation of 18 U.S.C. § 371 and one count of securities fraud in violation of 15 U.S.C. §§ 78j(b) & 78ff, 17 C.F.R. 240.10b-5, and 18 U.S.C. § 2. See ECF Dkt. Nos. 16, 124. On May 18, 2012, Jiau filed this pro se motion for a new trial pursuant to Rule 33, Fed. R. Crim. P ("Rule 33 Motion"). See ECF Dkt. No. 146. By Order dated May 22, 2012, this Court denied Jiau's motion on the ground that it lacked jurisdiction while her direct appeal was pending. See ECF Dkt. No. 147. On October 23, 2013, the Second Circuit vacated and remanded the Court's May 22, 2012 Order, finding that "[t]he District Court ha[s] jurisdiction to entertain the motion and either deny the motion on its merits, or certify its intention to grant the motion to the Court of Appeals, which c[an] then entertain a motion to remand the case." See United States v. Jiau, 545 Fed. App'x 34, 36 (2d Cir. 2013) (quoting United States v. Cronic, 466 U.S. 648, 667 n.42 (1984)). The

Government filed its opposition on October 29, 2014, and Jiau, through counsel, submitted a reply on November 20, 2014.

The Court understands Jiau's motion to raise two claims. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) (stating that court must read pro se litigant's papers "liberally" and interpret them "to raise the strongest arguments that they suggest"). First, she contends that she is entitled to a new trial because her counsel had a conflict of interest. See Rule 33 Motion at 4-7. Second, she argues that venue was improper in the Southern District of New York. See id. at 7-10.

Under Rule 33, a new trial motion must be filed within fourteen days of the verdict or finding of guilty, unless it is grounded on newly discovered evidence, in which case the time limit is extended to three years. Fed. R. Crim. P. 33(b). Jiau contends that this motion is timely, even though it was filed some eleven months after the jury rendered its verdict, because it is based on newly discovered evidence. The purported newly discovered evidence consists of (1) printouts of the online biographies of several attorneys involved in the case; and (2) excerpts of email communications between Jiau and her prior counsel from November and December 2011.

Having carefully reviewed Jiau's motion papers and supporting exhibits, the Court concludes that her proffered "new evidence" is neither new nor evidence. She has not identified any information, let alone new information, in the email excerpts that remotely supports

2

either of her claims, and the Court can discern none. Furthermore, her attorneys' online profiles, in addition to providing no support for her claims, were readily available at the time of the jury's verdict. Jiau cannot avail herself of the extended time limit for filing her Rule 33 motion merely by asserting that she has uncovered newly discovered evidence. See United States v. Bourke, No. S2 05 Cr. 510, 2011 WL 6376711, at *10 (S.D.N.Y. Dec. 15, 2011) aff'd, 488 F. App'x 528 (2d Cir. 2012) (denying new trial motion as untimely because it failed to assert colorable claim of newly discovered evidence); United States v. Nosov, No. S3 00 Cr. 314, 2003 WL 21012027, at *1 (S.D.N.Y. May 5, 2003) aff'd, 119 F. App'x 311 (2d Cir. 2004) (same). The deadline for Jiau to file a Rule 33 motion was July 5, 2011, fourteen days after the jury verdict. That deadline passed many months before this motion was filed.[1]

Accordingly, Jiau's motion is untimely and must be denied. See United States v. Mayo, 14 F.3d 128, 132 (2d Cir. 1994) (holding that Rule 33 time limitations are jurisdictional).

---

[1] Although Jiau states that she "does not press an ineffective assistance of counsel claim here," see Rule 33 Motion at 3, she raises arguments relating to her counsel's effectiveness in, for example, failing to negotiate a plea agreement. See id. at 6. To the extent that Jiau raises an ineffective assistance claim, it is also time-barred. See United States v. Peterson, 233 F. Supp. 2d 475, 487 (E.D.N.Y. 2002) (holding that "ineffective assistance of counsel claims, whether based on facts known to the defendant at the time of trial or facts learned by the defendant after trial, do not present newly discovered evidence under Rule 33") (citing United States v. Castillo, 14 F.3d 802, 805 (2d Cir. 1994)); see also United States v. Dukes, 727 F.2d 34, 39 (2d Cir. 1984) (rejecting argument that evidence of trial counsel's ineffectiveness is "newly discovered" for purposes of Rule 33).

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       ~~January~~ 2/2/2015